WORK, Secretary of the Interior, v. UNITED STATES ex rel. GOUIN.

Court of Appeals of District of Columbia.

Submitted March 7, 1927. Decided April 4, 1927.

No. 4521.

1. Indians ⟨⟩31—Indian woman, born member of Minnesota Chippewa Indians and living civilized life with white husband when statute allowing annuities was passed, held entitled to annuities (Act Jan. 14, 1889 [25 Stat. 642], as amended by Act May 18, 1916 [39 Stat. 135]; Comp. St. § 3951).

Mixed-blood Indian woman, born a member of the Chippewa tribe in the state of Minnesota, who lived on the White Earth reservation until 1883, who married white man and adopted habits of civilized life in 1888, and returned to Minnesota, where she was living when Act Jan. 14, 1889 (25 Stat. 642), as amended by Act May 18, 1916 (39 Stat. 135), became effective, held entitled to annuities under that act, particularly in view of Act Feb. 8, 1887, § 6 (Comp. St. § 3951), declaring that Indian adopting habits of civilized life shall become citizen of the United States without losing rights "to tribal or other property."

2. Mandamus ⟨⟩105—Duty of Secretary of the Interior to pay annuities to Minnesota Chippewa Indians under statute held "ministerial," as affecting right to mandamus (Act Jan. 14, 1889 [25 Stat. 642], as amended by Act May 18, 1916 [39 Stat. 135]).

Duty of Secretary of the Interior to pay annuities under Act Jan. 14, 1889 (25 Stat. 642), as amended by Act May 18, 1916 (39 Stat. 135), to one who, under agreed facts, was a Chippewa Indian in Minnesota at the time of the passage of such act, held "ministerial" duty only, performance of which could be compelled in mandamus proceeding.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Ministerial.]

Appeal from the Supreme Court of the District of Columbia.

Mandamus by the United States, on the relation of Eliza Gouin, against Hubert Work, Secretary of the Interior. Judgment for relator, and defendant appeals. Affirmed.

O. H. Graves, of Washington, D. C., for appellant.

Dennison Wheelock, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia in a mandamus proceeding directing the Secretary of the Interior to pay to the plaintiff, appellee here,

accrued annuities found due her under Act Jan. 14, 1889, 25 Stat. 642, as amended by Act May 18, 1916, 39 Stat. 123, 135.

[1] In the court below "the material facts on which the case shall be submitted to the court" were stipulated. From those facts it appears that plaintiff's parents were Jerome Davis and Charlotte Blue, mixed-blood Chippewa Indians, who, prior to 1883, lived with the Pembina band of Chippewa Indians on the White Earth reservation in Minnesota. The name of Jerome Davis appears on abstracts of annuity of goods and supplies furnished the band for the years 1879, 1880, 1881, and 1882. Their daughter, the plaintiff, was born May 12, 1872, and prior to 1883 lived with her parents on the White Earth reservation in Minnesota. In 1883 the parents removed to Turtle Mountain, N. D., taking the plaintiff with them. In 1888 plaintiff married, and on January 14, 1889 (the date of the passage of the act in question), was living with her husband in Minnesota, where she remained until about 1895, finally locating in North Dakota. After her marriage, she adopted the habits of civilized life and continued to reside separate and apart from any Indian tribe. In 1905 she applied to the Secretary of the Interior for enrollment with the Pembina band of Chippewa Indians in North Dakota, but was rejected. The parties have agreed upon the total amount paid in per capita payments to the Chippewa Indians in Minnesota under the act of 1889, to which the plaintiff would have been entitled, had she been enrolled.

The act of 1889 provided for the appointment of Commissioners to negotiate with "all the different bands or tribes of Chippewa Indians in the state of Minnesota" for the relinquishment of title to the reservations "of said Indians in the state of Minnesota, except the White Earth and Red Lake reservations," for the assent "of the male adults of all the Chippewa Indians in Minnesota," and for the preparation of a roll of members "of each tribe or band." Section 7 of the act created a fund, to be placed in the Treasury of the United States to the credit "of all the Chippewa Indians in the state of Minnesota," and the division and payment thereof, after 50 years, to "all of said Chippewa Indians and their issue then living."

Under Act Feb. 8, 1887, § 6, 24 Stat. 388 (Comp. St. § 3951) it was provided: "And every Indian born within the territorial limits of the United States, who has voluntarily taken up within said limits his residence, separate and apart from any tribe of Indians therein, and has adopted the habits of civilized life, is hereby declared to be a citizen of the United States, and is entitled to all the rights, privileges, and immunities of such citizens, whether said Indian has been or not, by birth or otherwise, a member of any tribe of Indians within the territorial limits of the United States, without in any manner impairing or otherwise affecting the right of any such Indian to tribal or other property."

It is plain, from the agreed statement of facts upon which the decision must turn, that the plaintiff was born a Chippewa Indian in the state of Minnesota, where she lived with her parents on the White Earth reservation until 1883. She married in 1888, and with her husband, a white man, returned to Minnesota and was living there when the act of 1889 became effective. True, after her marriage she lived separate and apart from any tribe of Indians and adopted the habits of civilized life, but under the provisions of the act of 1887 she did not thereby lose any of her rights "to tribal or other property." This was the interpretation placed upon the acts here involved in Oakes v. U. S. (C. C. A.) 172 F. 305, 308, where the opinion was written by Judge Van Devanter, now Justice Van Devanter of the Supreme Court of the United States. The facts of the Oakes Case differed from those here, in that Mrs. Oakes never removed from Minnesota after the passage of the act of 1889; but we do not regard that circumstance as material, since the rights of beneficiaries were to be determined with reference to their status when the act was passed. See, also, U. S. v. Work, 55 App. D. C. 391, 6 F.(2d) 694.

[2] It appearing that plaintiff was a Chippewa Indian in Minnesota at the time of the passage of the act of 1889, and entitled to participate in the benefits of that act, the duty of the Secretary to effect payment was merely ministerial. Ballinger v. Frost, 216 U. S. 240, 30 S. Ct. 338, 54 L. Ed. 464; Lane v. Hoglund, 244 U. S. 174, 37 S. Ct. 558, 61 L. Ed. 1066; Work v. Mosier, 261 U. S. 352, 43 S. Ct. 389, 67 L. Ed. 693.

The decision is affirmed, with costs.

Affirmed.